HERRICK, Respondent, v. GREGORY et al, Appellants.

(190 N. W. 881.)

(File No. 5062.  Opinion filed November 28, 1922.)

1.  **Easements—Streets and Alleys—Provisions of Deed Held Not to Create Easement.**

Provisions of deed conveying lots 3 and 4 of a block, specifying that "a license is hereby granted to said C. (grantee) to use as a way, or alley, 10 feet in width of the north ends of lots 1 and 2, * * * the same to be kept open as a private highway, held not to create an easement.

2. **Dedication—Streets and Alleys—Permitting Public to Use Strip in Rear of Lots Held a Dedication of Right of Way Accepted by Public's Continued Use Thereof.**

Where the owners of lots 1, 2, 3, and 4 of a block, with no alley in the rear of such lots, conveyed lots 3 and 4, and gave grantee a right to use a strip 10 feet wide in the rear of lots 1 and 2 as a private highway, and thereafter kept the way open to the public, and it was so used by all who had occasion to use it without hindrance or restriction, and on conveyance of lot 2 reserved a 10-foot right of way in the rear thereof, and where such strip was used by the public as a right of way without interference by owners of lots for 15 years before grantor parted with his title and for some 13 years thereafter, there was a dedication of a right of way across the rear end of the lots to the public and an acceptance thereof by the public by continued use of such right of way.

Appeal from Circuit Court, Davison County; HON. FRANK B. SMITH, Judge.

Action by May Wallace Herrick against Ellen M. Gregory and another. From judgment for plaintiff and from order denying a motion for a new trial, the defendants appeal. Affirmed.

*Spangler & Wire,* of Mitchell, for Appellants.

*Herbert E. Hitchcock,* of Mitchell, for Respondent.

Appellant cited: Kripp v. Curtis, 71 Cal. 62, 11 Pac. 879; Carey v. Rae, 17 L. R. A. (N. S.) 1018, and notes; Hicks v. Mill Co., 57 L. R. A. 720.

Respondent cited: Spawn v. South Dakota Central Railway Co., (S. D.), 127 N. W. 648; Jockimsen v. Johnson, 173 Iowa 553, 156 N. W. 21; Miller v. Southard (S. D.), 162 N. W. 149.

POLLEY, J. Plaintiff and defendants are owners of adjoining lots in a certain block in the city of Mitchell. Plaintiff occupies lot No. 3; defendants occupy lot No. 2. As the block is platted and laid out, there is no alley at the rear of these lots, and no way of driving into the rear of them, except over the lot from the front or across the rear end of the outer lots from the side street.

On and after the 23d day of March, 1883, one George A. Johnson was the owner of lots 1, 2, 3, and 4 of said block. In October, 1886, said Johnson sold lots 3 and 4 to Corrilda J. Hatton. The deed conveying these lots contains the following clause:

"And a license is hereby granted to said Corrilda J. Hatton, to use as a way, or alley, 10 feet in width of the north ends of lots 1 and 2, * * * the same to be kept open as a private highway."

In June, 1891, said Hatton conveyed lots 3 and 4 to James H. Sherill by deed which contains the following clause:

"A license is hereby granted to the said James H. Sherrill to use as a right of way or alley, 10 feet in width off the north end of lots 1 and 2, * * * the same to be kept open as a private highway."

No mention is made of this license in any subsequent conveyance. In June, 1888, the said Johnson conveyed lot 2 to Phoebe S. Helwig, by deed which contains the following reservation:

"Except right of way, 10 feet wide, across north end."

In October, 1899, Helwig conveyed lot 2 to Ellen M. Gregory, one of the defendants in this action, who is still owner and occupant thereof. This deed was filed for record on the 16th day of October, 1899, and on the same date a deed was filed for record whereby the said Johnson conveyed to the city of Mitchell a right of way for an alley, 10 feet wide across the rear end of lot 1. During all the time from the month of March, 1883, to October, 1913, a driveway was kept open across the rear end of lots 1, 2, 3, and 4, and was used for that purpose by every one who had occasion to use it. In October, 1913, the defendants proceeded to construct a garage in this driveway, on the rear end of lot 2. Plaintiff protested against the obstruction to the driveway, but to no purpose, and this action was brought to have the said driveway declared a public highway and to compel the defendants to remove the said obstruction. In addition to the above facts, the court found that the use of the said driveway by the plaintiff was necessary to her use and enjoyment of lot 2, and entered judgment whereby it is declared that plaintiff has an easement in the said driveway across the rear end of lot 2, and that defendants had no title or right therein adverse to plaintiff and ordered defendant to remove the said obstruction. From this judgment, defendants appeal.

It is the contention of appellants that plaintiff has a means of reaching the rear of her lot from the street at the front, that no

right of way was ever granted to the public or to the respondent across the rear of lot 2, and that no such right has been acquired by prescription or otherwise.

[1, 2] While it may be possible for respondent to reach the rear portion of her lot from the street in front and that there is no necessity for a means of ingress from the rear, still such ingress is ordinarily not sufficient to the full enjoyment of a building lot in a city, and an alleyway in the rear is generally provided for that purpose. But it is not necessary, in this case, to base respondent's right on the ground of necessity. It is clear from the evidence that Johnson, who owned lots 1, 2, 3, and 4, in 1883, intended to keep a driveway across the rear end of said lots open to the public. When he sold lots 3 and 4, he expressly granted a license to the grantee to cross the rear end of lots 1 and 2, which he still owned. This grant, of course, did not constitute an easement; but while it purported to grant only a private and personal right to the grantee, he kept the way open to the public, and it was used by all who had occasion to use it, without hindrance or restriction by him. This continued as long as he owned lot 2, and, when he sold it, he reservd a 10-foot right of way across the north end. While this reservation appears to have been to his own use and benefit, no restrictions were placed upon the use of the right of way by the public. He kept it open to the use of the public just as it had been used in the past. This had continued for some 15 years before he parted with his title and for some 13 years thereafter, before any private right therein was asserted by the defendants. This conduct on the part of Johnson and of his successors in interest clearly indicated an intention to dedicate a right of way across the rear end of this lot to the public. And the long-continued use of such right of way by the public amounted to an acceptance of the same.

"It is a familiar rule that no particular form of dedication is necessary, and that any act clearly indicating the intention of the owner to set apart lands for the use of the public as a highway constitutes a sufficient dedication. It is also a familiar rule that a mere dedication of land to such use will not constitute a public highway; that, in addition thereto, there must be an acceptance of the highway by the public, and the acts necessary to show such acceptance are not much more definitely defined than

are the acts which will constitute a dedication." Carter v. Barkley, 137 Iowa 510, 115 N. W. 21; 18 C. J. 55.

The judgment and order appealed from are affirmed.

Note—Reported in 190 N. W. 881. See American Key-Numbered Digest, (1) Easements, Key-No. 12(2), 19 C. J. Secs. 13 and 91; (2) Dedication, Key-No. 20(5), 37, 18 C. J. Secs. 35, 42, 73; implied acceptance and user, 8 R. C. L. 900.

On right of grantee to claim an easement as against the grantor by a clause in the deed for a street or alley in which the grantor owns the fee, see note 14 L. R. A. (N. S.) 878.